860 F.2d 70
 12 Fed.R.Serv.3d 579
 Constantine A. FRANGOS
v.
DOERING EQUIPMENT CORPORATION
v.
PARKER-HANNIFIN CORPORATION, Pettibone Corporation,
Pettibone Texas Corporation, Logan Equipment Corporation.
Appeal of PARKER-HANNIFIN CORPORATION.
 Nos. 88-1330, 88-1331.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Sept. 30, 1988.
Decided Oct. 21, 1988.
Rehearing and Rehearing In Banc Denied Nov. 21, 1988.
 
 John J. O'Brien, III, O'Brien & O'Brien Associates, Philadelphia, Pa., for appellant.
 Benjamin Folkman, Weiner, Ostrager, Feldman & Zucker, Bala Cynwyd, Pa., for appellees.
 Before GIBBONS, Chief Judge, SEITZ, Circuit Judge and FARNAN, District Judge.*
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Appellant Parker-Hannifin Corporation ("Parker") appeals from the judgment entered by the United States magistrate in favor of Appellees Doering Equipment, Inc. ("Doering") and Logan Equipment Corporation ("Logan") and from the magistrate's dismissal of Appellant's motions for judgment notwithstanding the verdict and for a new trial. Parker also appeals from the order of the magistrate requesting Appellees to resubmit a detailed record of attorneys' fees. The United States magistrate had jurisdiction based on diversity of citizenship. 28 U.S.C. Sec. 1332; 28 U.S.C. Sec. 636(c). This court has jurisdiction over that part of the case which has been brought to a final judgment pursuant to 28 U.S.C. Sec. 636(c)(3).
 
 
 2
 * Mr. Constantine Frangos ("Frangos"), while working at the Philadelphia Naval Yard, fell fifteen feet from a manlift. Frangos sustained injuries as a result of the fall and instituted suit against Pettibone Corporation, Pettibone Texas Corporation,[1] Logan, Doering and Parker. Thereafter, Logan and Doering crossclaimed against Parker. On the eve of trial, Frangos reached a settlement agreement with Logan and Doering whereby Logan and Doering agreed to pay Frangos $52,500.
 
 
 3
 Logan and Doering pursued a claim for indemnity or contribution against Parker. After the jury was selected and opening arguments were heard, the case was transferred with consent of the parties to a United States magistrate. See 28 U.S.C. Sec. 636(c). At the close of Appellees' case, Parker moved for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure. This motion was granted as to Appellees' negligence, warranty and failure to warn claims but was denied as to Appellees' strict liability theory.
 
 
 4
 Thereafter, the jury returned a verdict in favor of Appellees in the amount of $52,500. Parker then filed a motion for a judgment notwithstanding the verdict and for a new trial. Still later, Doering and Logan filed a petition for attorneys' fees.[2] The United States magistrate dismissed Parker's post trial motions based on Parker's failure to prosecute and ordered Doering and Logan to submit a detailed record of attorneys' fees. Doering and Logan then provided the court with a record of attorneys' fees.
 
 II
 
 5
 The United States magistrate concluded that Doering and Logan were entitled to attorneys' fees to the extent that they were related to Doering and Logan's defense of the original claim brought by Frangos. The magistrate then ordered Doering and Logan to resubmit a detailed record of attorneys' fees to allow the magistrate to determine which fees were applicable to the original action. At the time of this appeal, the amount of fees to which Doering and Logan were entitled, if any, was not determined.
 
 
 6
 Doering and Logan's entitlement to attorneys' fees has not yet been brought to a final judgment and is therefore not appealable. 28 U.S.C. Sec. 1291. It has long been the rule in this circuit that this court lacks jurisdiction to examine the merits of an attorneys' fee award where the award has not been quantified. Beckwith Machinery Co. v. Travelers Indemnity Co., 815 F.2d 286 (3d Cir.1987); deMouy v. Ingvoldstad, 664 F.2d 21 (3d Cir.1981). The portion of the appeal dealing with attorneys' fees, i.e. No. 88-1331, will therefore be dismissed.
 
 
 7
 Appellees contend that this court lacks jurisdiction over the merits of the underlying decision. It is argued that the failure to quantify attorneys' fees renders all aspects of the case unappealable. Although a cogent argument could have previously been waged based on past precedent within this circuit, the Supreme Court has recently rendered a decision making the Appellees' position untenable. Budinich v. Becton Dickinson, --- U.S. ----, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) In Budinich the Supreme Court held that a decision on the "merits is a 'final decision' as a matter of federal law under Sec. 1291 [even] when the recoverability or amount of attorney's fees for the litigation remains to be determined."[3] Id. at ----, 108 S.Ct. at 1720. We conclude that this court has jurisdiction over the appeal from the underlying judgment.
 
 III
 
 8
 Appellant contends that its post trial motions were wrongfully dismissed because Eastern District of Pennsylvania Local Rule 20(e), which formed the basis for the magistrate's dismissal, should not be applied to this case. The linchpin of Appellant's argument, however, is that no final judgment has been reached. As a final judgment has been reached, the Appellant's argument is without merit.
 
 
 9
 Parker argues that Local Rule 20(e) is inconsistent with Rules 50(b) and 59(b) of the Federal Rules of Civil Procedure. Local Rule 20(e) provides:Within ten (10) days after filing any post-trial motions, the movant shall either (a) order a transcript of the trial by writing delivered to the Court Reporter Coordinator, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is ordered, or the movant excused from obtaining a transcript, the post-trial motion must be dismissed for lack of prosecution.
 
 
 10
 Under Rules 50(b) and 59(b), a party has ten days after the entry of a final judgment before a motion for a new trial or a motion for a judgement notwithstanding the verdict must be filed. Thus, if no final judgment had been rendered then Parker contends that it should still have ten days within which to file its post-trial motions and should not have these same motions dismissed pursuant to Rule 20(e).
 
 
 11
 We need not reach the merits of Appellant's argument because a final judgment was reached in this case. The Federal Rules and Local Rule 20(e) are therefore not even debatably in conflict. Appellant filed its post-trial motions on February 5, 1988 but did not request a transcript until March 15, 1988. It was proper for the magistrate to dismiss Appellant's post-trial motions for failure to prosecute.
 
 IV
 
 12
 Appellant claims that the evidence proffered at trial was insufficient to sustain the jury's finding in favor of Appellees. Appellant asks this court to reverse the magistrate's denial of Appellant's request for a directed verdict on the strict liability theory.[4] "When reviewing a denial of a directed verdict, we must determine as a matter of law, [whether] the record is critically deficient of that minimum quantum of evidence from which a jury might reasonably afford relief." Link v. Mercedes-Benz of North America, 788 F.2d 918,921 (3d Cir.1986).
 
 
 13
 In this diversity action, the substantive law of Pennsylvania governs. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In this indemnity action,[5] where the underlying claim has been settled, Pennsylvania law requires that a two prong test be met in order to establish liability. Ridgeway Court, Inc v. James J. Canavan Insurance, 348 Pa.Super. 136, 501 A.2d 684 (1985); Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15, 5 A.2d 153 (1939). First, Doering and Logan were required to prove that they were legally liable to Frangos. Second, Doering and Logan had to establish that the settlement with Frangos was fair and reasonable. Both parts of this test were met and the magistrate's denial of the directed verdict was therefore not in error.
 
 
 14
 Appellant does not contend that Doering and Logan did not adequately prove that they were liable to Frangos, but instead claims that Appellees failed to prove that the settlement was fair and reasonable. Appellant argues that to prove that a settlement was fair and reasonable, competent medical testimony should have been introduced and that the testimony adduced from both Frangos's attorney and an expert attorney was legally insufficient.
 
 
 15
 Appellant's position is without merit. There is no authority for Appellant's assertion that a settlement's fairness must be established by medical testimony. The cases cited by Appellant in this regard addressed only the underlying liability issue; the underlying liability in this case is not questioned and these cases are therefore not helpful. Moreover, this court can conceive of no reason why the fairness and reasonableness of a settlement cannot be established through the testimony of lawyers. This is particularly true where, as here, the case was presented to a jury which was free to evaluate the worth and credibility of the testimony. Accordingly, we do not find that the record was deficient of a minimum quantum of evidence to support the jury's verdict and therefore affirm the magistrate's denial of a directed verdict on the strict liability theory.
 
 V
 
 16
 Appellant's final contention is that the pleadings were wrongly conformed to the evidence. It is argued that the magistrate improperly found that Appellant impliedly consented to the addition of Appellees' strict liability theory of recovery upon which they ultimately prevailed. We must review the finding of implied consent to determine if the magistrate abused its discretion. United States v. 47 Bottles, More Or Less, Each Containing 30 Capsules Of An Article Labeled In Part " * * * Janasol RJ Formula '60' * * * ", 320 F.2d 564, 573 (3d Cir.) cert. denied 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1963).
 
 
 17
 Rule 15(b) of the Federal Rules of Civil Procedure provides in pertinent part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings." A finding of implied consent depends "on whether the parties recognized that an issue not presented by the pleadings entered into the case at trial." 6 C. Wright and A. Miller, Federal Practice and Procedure Sec. 1493 (1971).
 
 
 18
 There can be no question that Appellant recognized that the strict liability theory was at issue in the instant case. First, at trial the counsel for Appellant stated: "Your honor, my understanding from plaintiff's counsel is that he is not proceeding under negligence ... he's not proceeding under breach of warranty and that he's going to proceed under strict liability." Second, Appellant did not object to the magistrate's intent to charge on strict liability. In fact, the magistrate's charge included the following language: "Plaintiff sued initially on the theory of strict liability and Doering and Logan had in turn sued Parker-Hanafin under the same theory."[6] It was therefore not an abuse of discretion for the magistrate to find that Appellant impliedly consented to an amendment of Appellee's pleadings to include a strict liability theory of recovery.
 
 VI
 
 19
 For all the foregoing reasons the magistrate's judgment entered January 29, 1988 and the magistrate's order dismissing Parker's post-trial motions will be affirmed. Appellant's appeal from the magistrate's order concerning Appellees' application for attorneys' fees will be dismissed.
 
 
 
 *
 Honorable Joseph J. Farnan, Jr., United States District Judge for the District of Delaware, sitting by designation
 
 
 [1]
 In January 1988, Pettibone Corporation and Pettibone Texas Corporation were severed from this action by order of the district court judge
 
 
 [2]
 This petition was amended on March 3, 1988
 
 
 [3]
 Appellant contends that Budinich should only be applied prospectively and not to the instant case. The Supreme Court, however, held directly to the contrary in Budinich. Budinich, --- U.S. at ----, 108 S.Ct. at 1722
 
 
 [4]
 Appellant also asks this court to reverse the magistrate's dismissal of Appellant's motions for a new trial and for judgment notwithstanding the verdict. Because we concluded that these motions were properly dismissed for failure to prosecute pursuant to Local Rule 20(e), we need not reconsider their dismissal in this context
 
 
 [5]
 There is no contention on appeal that Parker is not primarily liable or is merely a joint or concurrent tortfeasor. See Sirianni v. Nugent Brothers, Inc., 509 Pa. 564, 506 A.2d 868 (1986); Burbage v. Boiler Engineering and Supply Co., 433 Pa. 319, 249 A.2d 563 (1969)
 
 
 [6]
 Appellant claims that even if we find that the amendment to the pleadings was properly allowed under Rule 15(b), the claim for indemnity is barred by the statute of limitations. This claim is meritless because the six year statute of limitations period would not have begin to run until the time when Frangos settled, i.e. January 24, 1988. Thermo King Corp. v. Strick Corp., 467 F.Supp. 75, 77 (W.D.Pa.1979)