**Fred J. SZOSTEK, Plaintiff,**

v.

**Royal HART, Chief Clerk, et al., Defendants.**

**Civ. A. No. 90–6683.**

United States District Court, E.D. Pennsylvania.

Jan. 15, 1991.

David A. Searles, Community Legal Services, Philadelphia, Pa., for plaintiff.

Carl Vaccaro, Asst. Counsel, Com. of Pa., Dept. of Transp., King of Prussia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The issues contained and resolved herein arise from the appeal by defendants, Commonwealth of Pennsylvania Department of Transportation and Howard Yerusalim, Secretary of Transportation, of three orders of the United States Bankruptcy Court in favor of the plaintiff, Fred J. Szostek. The plaintiff has filed a motion requesting this Court to dismiss that appeal as it pertains to the bankruptcy court's orders of June 7, 1990, and July 6, 1989, contending that the defendants' appeal was untimely, and that, therefore, this Court lacks jurisdiction to review the bankruptcy court's orders. For the reasons set forth below, plaintiff's motion to dismiss the defendants' appeal will be granted.

We arrive at this juncture as a result of the following procedural facts: On February 10, 1988, the plaintiff filed an adversary proceeding in the United States bankruptcy court claiming that the defendants had violated the automatic stay provisions of the Bankruptcy Code in attempting to collect pre-petition debt by, *inter alia,* threatening to suspend the plaintiff's driver's license. On July 6, 1989, the bankruptcy court entered an order enjoining the defendants from suspending or threatening to suspend the plaintiff's driver's license, said order to remain in effect until termination of the automatic stay. On July 21, 1989, the defendants appealed the bankruptcy court's order to this Court (*In re Szostek,* C.A. No. 89–6225). On October 12, 1989, this Court dismissed the defendants' appeal as premature, without prejudice to the defendants appealing the final order under Rule 8001, when the bankruptcy court issued such an order. By order and memorandum opinion entered June 7, 1990, the bankruptcy court found the defendants to have violated the automatic stay as to the plaintiff and found the Commonwealth of Pennsylvania Department of Transportation to be liable for the plaintiff's attorney's fees. 114 B.R. 890. The bankruptcy court's order provided that the plaintiff was to submit his application for fees within 30 days and set a hearing date regarding that application for August 21, 1990. As a result of that hearing, the bankruptcy court issued an order on August 23, 1990, quantifying the award of attorney's fees to the plaintiff. On September 4, 1990, the defendants filed a Notice of Appeal, appealing the bankruptcy court's orders of August 23, 1990, June 7, 1990, and July 6, 1989. The plaintiff has filed the instant motion seeking dismissal of the defendants' appeal of the June 7, 1990, order and of the July 6, 1989 order.

■ Failure to file timely notice of appeal within the meaning of Bankruptcy Rule 8002 is a jurisdictional defect barring appellate review of a decision of the bankruptcy court by this Court. *In re Universal Minerals, Inc.,* 755 F.2d 309, 311 (3d Cir.1985). Bankruptcy Rule 8002(a) states:

> The notice of appeal shall be filed with the clerk of the bankruptcy court *within 10 days of the date of the entry of the* judgment, *order,* or decree *appealed from.*

Rule 8002(a) (emphasis added). Rule 8002(a)'s ten day mandate "has been strictly construed, requiring strict compliance with its terms." *Id.* Failure to fulfill the requirements of Rule 8002(a) deprives this Court of jurisdiction to review the bankruptcy court's order or judgment. *Id.,* at 312.

■ The defendants filed a Notice of Appeal on September 4, 1990, appealing the bankruptcy court's orders of August 23, 1990, June 7, 1990, and July 6, 1989.

The defendants' appeal of the bankruptcy court's order of July 6, 1989, will be dismissed. This Court, in its order of October 12, 1989, in Civil Action No. 89–6225, has previously determined that the bankruptcy court's July 6, 1989 order was not a final, appealable order, and, accordingly, dismissed that earlier appeal without prejudice to the defendants appealing the bankruptcy court's final Rule 8001 order.

The defendants' appeal of the bankruptcy court's order of June 7, 1990, will also be dismissed. The June 7, 1990 order, with its accompanying memorandum opinion, was the final disposition of the parties' rights by the bankruptcy court and as such triggered the ten day mandate of Rule 8002(a). That order and opinion represented a final judgment on the merits of the case for the purposes of review by this Court. In order to appeal the order of June 7, 1990, the defendants were obligated to file Notice of Appeal within ten days of that order. Having failed to do so, the plaintiff's motion to dismiss will be granted as to the defendants' appeal of the bankruptcy court's order of June 7, 1990.

The defendants argue that the June 7, 1990 order was not final because it contained a paragraph granting attorney's fees to the plaintiff, and awards of attorney's fees do not become final until such time as the fees are quantified, citing *Frangos v. Doering Equipment Corp.*, 860 F.2d 70, 72 (3d Cir.1988). Although it is true that an award of attorney's fees is not final and appealable until such time as the award is quantified, the defendants have erroneously attempted to "bootstrap" the appeal of the underlying merits of the case to the appeal of the attorney's fees award, thereby, in effect, tolling the effects of Rule 8002 on the judgment on the merits until such time as the attorney's fees award is quantified. This argument must fail. An appellate court is not divested of jurisdiction over an appeal of the underlying merits of a case by virtue of the fact that the judgement includes an award of attorney's fees and that award has not been quantified at the time of the judgement on the merits. As explained by the Third Circuit in *Frangos:*

It is argued that failure to quantify attorney's fees renders all aspects of the case unappealable. Although a cogent argument could have been waged based on past precedent within this circuit, the Supreme Court has recently rendered a decision making the Appellees' position untenable. *Budinich v. Becton Dickenson,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). In *Budinich* the Su-

preme Court held that a decision on the "merits is a 'final decision' as a matter of federal law under § 1291 [even] when the recoverability or amount of attorney's fees for the litigation remains to be determined."

*Frangos,* 860 F.2d at 72.

■ Finally, the defendants' appeal of the bankruptcy court's August 23, 1990 order has not been challenged by the plaintiff's motion to dismiss. The August 23, 1990 order is the only order for which the defendants' Notice of Appeal is timely. It is well established in this circuit that the merits of an attorney's fee award are not appealable until the award has been quantified. *Frangos v. Doering Equipment Corp.,* 860 F.2d 70, 72 (3d Cir.1988). The attorney's fee award in this case was quantified in the bankruptcy court's order of August 23, 1990, and the defendant's Notice of Appeal of September 4, 1990, is timely as to the award of attorney's fees only.

Accordingly, plaintiff Fred J. Szostek's motion to dismiss for lack of jurisdiction the appeal filed by defendants Commonwealth of Pennsylvania Department of Transportation and Secretary of Transportation Howard Yerusalim as to the bankruptcy court's orders of June 7, 1990 and July 6, 1989, will be granted.