**In re CHARTER OAK ASSOCIATES,**
**Debtor.**

**Neal OSSEN, Trustee, Plaintiff,**

**v.**

**STATE OF CONNECTICUT, DEPART-**
**MENT OF SOCIAL SERVICES,**
**Defendant.**

**Bankruptcy No. 91–23999.**
**Adversary No. 95–2175.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 25, 1996.

David H. Flynn, Rome McGuigan Sabanosh, P.C., Hartford, CT, for Plaintiff.

Edward F. Osswalt, Office of Attorney General, Hartford, CT, for Defendant.

### *MEMORANDUM OF DECISION AND OR-DER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### *ISSUE*

The defendant, State of Connecticut, Department of Social Services, has filed a motion to dismiss an adversary proceeding brought against it by the plaintiff, Neal Ossen, Trustee of the Chapter 7 Estate of Charter Oak Associates, Inc., the debtor. The parties have submitted the matter for ruling upon a stipulation of facts and law memoranda. The issue is the proper construction to be placed on the provisions of Bankruptcy Code § 106[1], following the U.S.

---

1. 11 U.S.C. § 106. *Waiver of sovereign immunity*

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

Supreme Court's decision in *Seminole Tribe of Florida v. Florida*, —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (hereinafter "*Seminole Tribe*"), as applied to the facts of this proceeding.

## BACKGROUND

The debtor, the former operator of thirteen leased residential facilities as a licensed provider for the benefit of state-supported persons with mental disabilities, filed a petition requesting relief under Chapter 7 on December 31, 1991. The plaintiff, on May 16, 1996, filed a second amended complaint containing two counts against the defendant seeking either an order of turnover, or a judgment, in the amount of $225,309.29. In the first count, described as a core proceeding pursuant to 28 U.S.C. § 157(b)(1)[2] and (b)(2)(A) and (E),[3] the plaintiff asserts that between November 12, 1987 and March 17, 1989, the debtor, under lease provisions with the non-profit corporate lessor, was reimbursed for its services by the defendant; that the defendant, after an audit of the debtor

which the defendant conducted postpetition, concluded that the debtor was entitled to an additional $225,309.29 from the defendant; that the defendant has refused to turn over such liquidated audit adjustment to the plaintiff; that the defendant, by its Department of Revenue Services, has filed a proof of claim in the debtor's case in the amount of $148,-643.34; and that the plaintiff is entitled to the requested turnover pursuant to Bankruptcy Code § 542(b).[4] The plaintiff in the second count of the amended complaint makes essentially the same allegations, but, as an alternative to the first count, treats the cause of action as a non-core proceeding under 28 U.S.C. § 157(c)(1).[5]

The proof of claim filed by the Department of Revenue Services on March 27, 1992 is based upon the debtor's alleged failure to pay Connecticut use taxes on certain of its purchases. The stipulation of facts states that "[t]he Connecticut use tax is a tax on the consumption, use or storage of certain items in Connecticut" on purchases which "relate to the debtor's operation of the Facilities"; and

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.
(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.
(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.
(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.
11 U.S.C. § 106.
Bankruptcy Code § 101(27) defines "governmental unit" to mean "United States; State; Commonwealth; ...."

**2.** Section 157(b)(1), permits the bankruptcy court to conduct hearings and to enter final judgments in core proceedings.

**3.** Section 157(b)(2)(A) and (E) provide:

(b)(2) Core proceedings include, but are not limited to—
(A) matters concerning the administration of the estate;

(E) orders to turn over property of the estate;
28 U.S.C. § 157(b)(2)(A) and (E).

**4.** Section 542(b) provides:

(b) ... an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.
11 U.S.C. § 542(b).

**5.** Section 157(c)(1) provides:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
28 U.S.C. § 157(c)(1).

that the audit adjustment which the plaintiff claims the defendant has refused to pay "relat[es] wholly to rent, property insurance and property taxes due the ... lessor of the group homes by the debtor," and not to the purchases allegedly subject to the use tax. *Stipulation of Facts* ¶¶ 3, 4, 5, 7.

After the defendant, on March 15, 1996, filed an initial motion to dismiss the original complaint, the Supreme Court, on March 27, 1996, decided *Seminole Tribe.* Reserving all arguments asserted in its initial motion and following a pre-trial conference and the filing by the plaintiff of the second amended complaint, the defendant filed the present motion to dismiss the second amended complaint. The defendant limits its contentions to: "[t]he Court lacks jurisdiction to enter a money judgment against the defendant because the Eleventh Amendment precludes the exercise of such jurisdiction [ ] [in that] A. 11 U.S.C. § 106(a) which purports to abrogate State Sovereign Immunity is Unconstitutional as in excess of Congress' Authority ...; and B. [t]he defendant has not waived its Eleventh Amendment sovereign immunity either pursuant to 11 U.S.C. § 106(b) or under the common law...." *Motion to Dismiss* dated July 15, 1996.

The plaintiff, in responsive papers to the defendant's motion, does not contest the defendant's claim that § 106(a) has been rendered unenforceable against a nonconsenting state by *Seminole Tribe.* He argues, however, that the court has federal jurisdiction to adjudicate the claim asserted against the defendant under §§ 106(b) and/or 106(c), and requests denial of the defendant's motion.[6]

*DISCUSSION*

I.

*Section 106(a), As The Defendant Asserts And the Plaintiff Concedes, Has Been Rendered Unenforceable Against A Nonconsenting State By Seminole Tribe*

■ The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court, in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), judicially expanded the reach of the amendment to bar citizens from suing their own states in federal court.

Congress, in 1994, in response to the Supreme Court finding a lack of unequivocalness in a predecessor statute, *see Hoffman v. Connecticut Dep't Of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), amended § 106 to abrogate the Eleventh Amendment as to the specific Bankruptcy Code provisions listed in § 106(a). Congress clearly relied on Art. I, § 8, cl. 4 of the U.S. Constitution, which empowers Congress "[t]o establish ... uniform Laws on the subject of Bankruptcies throughout the United States", as the basis for this legislation.

In *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), the Supreme Court had confirmed that Congress could abrogate a state's Eleventh Amendment immunity in the exercise of a Congressional power pursuant to the Commerce Clause contained in Article I. The *Union Gas* plurality reasoned that the states ceded their immunity to Congress when they agreed in adopting the Constitution to give Congress plenary authority to regulate commerce. 491 U.S. at 17–20, 109 S.Ct. at 2283–85. *Seminole Tribe* explicitly overruled *Union Gas* and denied to Congress the power so to act when Congress had legislated under the Interstate or Indian Commerce Clause of Article I. The Court ruled that Congress could not expand federal court jurisdiction under Article III through an exercise of Article I powers. Justice Rehnquist, writing for the majority in *Seminole Tribe,* and Justice Stevens, in dissent, both agreed that the *Seminole Tribe* ruling would have an impact on the enforcement of the Bankruptcy Code against states in federal courts, although

---

6. In compliance with 28 U.S.C. § 2403(a), the court advised the United States Attorney General

that the constitutionality of 11 U.S.C. § 106 had

they disagreed on the extent of the impact.[7]

To date, the majority of courts have ruled, and legal commentators have generally agreed, "that the Bankruptcy Clause in Article I does not authorize Congress to abrogate State sovereign immunity[8] and, specifically, that the Bankruptcy Clause did not authorize Congress to abrogate State sovereign immunity under 11 U.S.C. § 106(a)." *Sparkman v. State of Florida Department of Revenue (In re York–Hannover Developments, Inc.)*, 201 B.R. 137, 141 (Bankr.E.D.N.C.1996) (containing a current list of authorities). *See also* S. Elizabeth Gibson, *Sovereign Immunity in Bankruptcy, The Next Chapter* 70 Am. Bankr.L.J. 195, 216 (1996) ("state governmental entities can no longer be sued in the bankruptcy court for any type of relief unless they give their consent to such proceedings."). The court concurs and concludes that § 106(a) cannot constitutionally confer federal jurisdiction to support the entry of a money judgment against the defendant, assuming for the purpose of this ruling that the plaintiff has properly asserted a core cause of action in the first count under § 542(b).[9]

## II.

### *Federal Jurisdiction Obtained By Waiver Or Consent Through The Filing Of A Proof Of Claim*

■ The significant issue that divides the parties is the effect of §§ 106(b) and (c) on the establishment of federal jurisdiction for the plaintiff's claim in light of the filing of a proof of claim by the defendant's Department of Revenue Services. Subsection (b) of § 106 provides that "[a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." Subsection (c) provides "[n]otwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate."

The two subsections, facially, do not conflict with the underpinnings of *Seminole Tribe*, and the court concludes that their provisions remain enforceable against states filing proofs of claim. As the defendant acknowledges: "The Supreme Court considered the effect of the filing of a proof of claim on a state's sovereign immunity defense in *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467 [, 91 L.Ed. 504] (1947) ... [and] concluded that immunity is waived to the extent necessary to adjudicate the claim made by the State. 'When the State becomes the actor and files a claim against the fund, it waives any immunity it might otherwise have had respecting the adjudication of the claim.' [329 U.S. at 574, 67 S.Ct. at 472]". *Defendant's Opening Memorandum*

been drawn in question in this proceeding. The United States has elected not to intervene.

7. "JUSTICE STEVENS understands our opinion to prohibit federal jurisdiction over suits to enforce the bankruptcy, copyright, and antitrust laws against the States. He notes that federal jurisdiction over those statutory schemes is exclusive, and therefore concludes that there is 'no remedy' for state violations of those federal statutes. That conclusion is exaggerated both in its substance and in its significance." *Seminole Tribe* at ——–—— n. 16, 116 S.Ct. at 1131–32 n. 16, majority opinion.

8. "The term 'sovereign immunity' embraces two distinct concepts—whether a State may be sued, or common-law sovereign immunity, and where a State may be sued, or constitutional sovereign immunity in the eleventh amendment. Thus, if a bankruptcy court can make determinations that bind a state under § 106[ ], to that extent the state's eleventh amendment immunity from suit in federal court has been waived by § 106[ ]." *Hoffman v. Connecticut Department of Income Maintenance (In re Willington Convalescent Home, Inc.)*, 850 F.2d 50, 56 n. 6 (2nd Cir.1988), *aff'd*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) (internal citations and quotation marks omitted).

9. Under a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in a complaint. *See Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l, Ltd.*, 968 F.2d 196, 198 (2nd Cir.1992). *Cf. In re Willington Convalescent Home, Inc.*, 850 F.2d at 51 (trustee's action to recover concededly rendered estate Medicaid services to the state during Chapter 11 was "in essence, a turnover proceeding under § 542(b)" and not a "related" proceeding).

at 12–13 (emphasis omitted). *Cf. United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992) (The provisions of subdivisions (b) and (c) "plainly waive sovereign immunity with regard to monetary relief in two settings: compulsory counterclaims to governmental claims [subsection b] ... and permissive counterclaims to governmental claims capped by a setoff limitation [subsection c].") (dicta); *In re 995 Fifth Avenue Associates L.P.*, 963 F.2d 503, 507 (2d Cir.1992) ("Waiver of Eleventh Amendment immunity, in contrast to abrogation, is not hinged to a specific federal statutory cause of action. Instead, it is triggered by some affirmative activity of a state, such as ... a state's participation in litigation in federal court."); *WJM, Inc. v. Mass. Dept. of Public Welfare*, 840 F.2d 996, 1003 (1st Cir.1988), *abrogated on other grounds sub. nom. Reopell v. Comm. of Mass.*, 936 F.2d 12 (1st Cir.1991), *cert. denied*, 502 U.S. 1004, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991) (Section 106(b) "puts the state on notice that if it chooses to enter the federal government's exclusive bankruptcy preserve by filing a claim, it must pay a price: a partial waiver of its sovereign immunity.... In short, because section 106[b] unambiguously alerts the states as to the consequence of filing a bankruptcy claim, we believe that a governmental unit that does so waives its sovereign immunity."). The defendant's argument that these subsections are "unconstitutional as in excess of Congress' authority" is not persuasive. *Defendant's Supplemental Memorandum* at 14.

The principal questions that remain, in line with the foregoing analysis, are: (1) whether the filing of a proof claim by the Department of Revenue Services waives only the immunity of that department and not that generally of the defendant or other state agencies; (2) whether the claim of the plaintiff and the proof of claim filed by the Department of Revenue Services arose out of the same transaction or occurrence; and (3) whether

the debtor's estate may offset its claim against the defendant's claim for use taxes.

*A. The State Is A Single Entity*

■ The defendant argues "that the filing of the proof of claim by the Department of Revenue Services waives only the immunity of that department of state and not that of the defendant or other state agencies." *Defendant Supplemental Memorandum* at 10. The defendant relies upon bankruptcy court rulings such as *Unicare Homes, Inc. v. Four Seasons Care Center, Inc. (In re Four Seasons Care Center, Inc.)*, 119 B.R. 681, 683 (Bankr.D.Minn.1990) ("Certainly under 11 U.S.C. § 106[b] and [c], the filing of a claim by one state department or agency does not ordinarily waive sovereign immunity as to others, or as to the state as a whole."). Other bankruptcy courts hold that the filing of a claim by one state agency constitutes a waiver for all state agencies. *See, e.g., Sacred Heart Hospital v. Commonwealth of Pennsylvania Dept. of Welfare (In re Sacred Heart Hospital)*, 199 B.R. 129, 135 (Bankr. E.D.Pa.1996) ("[T]he holdings ... that a claim filing by one state agency should constitute a waiver of eleventh amendment immunity rights for all state agencies is strengthened by the development of the principle that a governmental entity is generally considered as a unitary creditor for the purposes of setoff rights.").

The court concludes that all the publicly acting agencies of the state are a single governmental unit for purposes of Eleventh Amendment immunity and setoff under §§ 106(a) and (b). The court relies, in part, on the holdings of several appellate courts deciding the identical issue involving the United States. *See Doe v. United States*, 58 F.3d 494, 498 (9th Cir.1995) ("[B]ecause it often seeks to be treated as a single unitary creditor under the offset provisions of 11 U.S.C. § 553 [10] ... [f]or purposes of waiver of sovereign immunity and setoff under 11 U.S.C. § 106, all agencies of the United States, except those acting in some distinc-

---

**10.** Section 553. *Setoff.*
(a) ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title

against a claim of such creditor against the debtor that arose before the commencement of the case....
11 U.S.C. § 553(a).

tive private capacity, are a single governmental unit.") (footnote added); *In re Turner*, 84 F.3d 1294, 1297–1298 (10th Cir.1996) (same); *In re HAL, Inc.*, 196 B.R. 159, 165 (9th Cir. BAP 1996) ("[F]ederal agencies' relationships [are not] as that of corporate subsidiaries ... the more appropriate analogy is that of separate departments within a single corporation. Just as a large corporation has different departments—marketing, sales, accounting, personnel, etc., with individual budgets and separate interests—so does the federal government. In both situations, each separate department must compete against the others for its share of the overall budget. Such is not necessarily the case with corporate subsidiaries, who are often expected to be self-sustaining and whose fortunes are not necessarily tied to the parent's profitability.").

The court can conceive of no reason why the same analysis will not apply as well to the agencies of a state. The filing of the proof of claim by the defendant's Department of Revenue Services constitutes a waiver of the defendant and all its agencies to the extent set forth in §§ 106(b) and (c).

*B.  The Plaintiff's Claim And The Defendant's Claim Do Not Arise Out Of The Same Transaction or Occurrence*

█ As noted, § 106(b) provides that the proof of claim is a waiver to a claim against such governmental unit that arose out of the same transaction or occurrence. This language tracks the language of Fed.R.Civ.P. 13(a), which defines a compulsory counterclaim as a claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

█ In defining the bounds of a compulsory counterclaim, the Second Circuit "generally has taken a broad view, not requiring an absolute identity of factual backgrounds ... but only a logical relationship between them.... This approach looks to the logical relationship between the claim and the counterclaim and attempts to determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *United States v. Aquavella*, 615 F.2d 12, 22 (2d

Cir.1979) (internal citations and quotation marks omitted).

Applying this standard to the stipulation of facts submitted by the parties, the court concludes that the defendant's claim for use taxes due from the debtor is not so logically connected with the plaintiff's claim for reimbursement of services rendered the defendant that both issues would have to be resolved in one lawsuit. Like conclusions have been reached in several rulings dealing with generally comparable fact patterns. *See WJM, Inc. v. Massachusetts Dept. of Public Welfare*, 840 F.2d at 1003–1004 (debtor nursing home claim against state department of public welfare for medicare reimbursement did not arise out of same transaction or occurrence as the state department of revenue's back tax claim against debtor); *White v. Shalala (In re Pace Enterprises of Columbia, Inc.)*, 171 B.R. 444 (Bankr.D.D.C.1994) (debtor's contract claim against U.S. Department of Health & Human Services did not arise out of same transaction or occurrence upon which claim for unpaid withholding taxes by IRS based); *Rocchio & Sons, Inc. v. State of Rhode Island, Dept. of Transportation (In re Rocchio & Sons, Inc.)*, 165 B.R. 86 (Bankr.D.R.I.1994) (proof of claim filed by state taxing authority did not arise out of same transaction or occurrence as debtor's claim against department of transportation for turnover of funds owing under construction contracts).

The court, accordingly, does not acquire federal jurisdiction under § 106(b) because the plaintiff's claim for reimbursement for services does not arise out of the same transaction or occurrence giving rise to the defendant's claim for use taxes.

*C.  The Plaintiff's Claim Qualifies As A Setoff To The Defendant's Proof Of Claim*

█ Section 106(c) authorizes setoff of a claim of an estate against a claim of a governmental unit. The Supreme Court, in *United States v. Nordic Village*, viewed this section as waiving sovereign immunity in the setting of a permissive counterclaim to governmental claims capped by a setoff limita-

tion. The Court, in *Citizens Bank of Maryland v. Strumpf*, — U.S. —, —, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995), commented upon setoff as follows: "[t]he right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." (Citation omitted). *See also Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir.1996) ("Setoff in bankruptcy cases is governed by 11 U.S.C. § 553.... Section 553 'is not an independent source of law governing setoff; it is generally understood as a legislative attempt to preserve the common law right of setoff arising out of non-bankruptcy law.' ") (citations omitted).

The plaintiff's claim clearly qualifies as a setoff or a permissive counterclaim to the defendant's proof of claim. The plaintiff's claim and the defendant's claim are mutual debts arising out of separate transactions. The court concludes that the plaintiff's complaint, treated as an asserted setoff to the defendant's proof of claim, confers federal jurisdiction sufficient to deny the defendant's motion to dismiss. *See Wallach v. New York State Department of Taxation and Finance (In re Bison Heating & Equipment, Inc.)*, 177 B.R. 785 (Bankr.W.D.N.Y.1995) (New York State treated as single entity and trustee may offset claim filed by New York State Department of Labor against trustee's claim for recovery from non-filing New York State Department of Taxation and Finance). *Cf. United States v. McPeck*, 910 F.2d 509, 512 (8th Cir.1990) (where governmental unit's claim exceeds debtor's recovery from governmental unit, proper procedure is to offset debtor's recovery against governmental unit's claim as § 106(c) causes waiver of sovereign immunity for such offset).

### CONCLUSION

To summarize:

The court lacks federal jurisdiction to enter a money judgment against the defendant under § 106(a) because that statute relies upon an unconstitutional exercise of an Article I power to abrogate a state's Eleventh Amendment immunity.

The filing of a proof of claim by the defendant's Department of Revenue Services constitutes a waiver of Eleventh Amendment immunity rights for all defendant's agencies as the defendant-state is a single entity.

The court lacks federal jurisdiction to enter a money judgment against the defendant under § 106(b) because the claim of the plaintiff against the defendant and the proof of claim filed by the defendant do not arise out of the same transaction or occurrence.

The court does have federal jurisdiction under § 106(c) to determine whether the plaintiff's claim against the defendant may be set off against the proof of claim of the defendant filed by its Department of Revenue Services.

The motion to dismiss the complaint, for the foregoing reasons, must be, and hereby is, denied. It is

SO ORDERED.