**In re Roney LOUIS;HARRIS, Debtor.**

**Roney LOUIS;HARRIS, Plaintiff,**

**v.**

**Judge Herbert BARALL, Magistrate Harris T. Lifshitz, Magistrate Susan Reynolds, Magistrate Paul Matasavage, Magistrate Wilson Trombley, and Unknown Support Enforcement Division Officers of the Superior Court, Defendants.**

**Bankruptcy No. 97–21091.**
**Adversary No. 97–2121.**

United States Bankruptcy Court,
D. Connecticut

Sept. 29, 1997.

Roney Louis;Harris, Manchester, CT, Pro se.

Carolyn K. Querijero, Assistant Attorney General, State of Connecticut, Hartford, CT, for Defendants.

### RULING ON DEFENDANTS MOTION TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

Roney Louis;Harris, the pro se plaintiff, and a pro se debtor in a Chapter 7 case, filed a complaint on June 24, 1997, requesting the court to find the defendants in contempt of court for violating the automatic stay imposed by 11 U.S.C. § 362(a) ("the automatic stay"), award damages for such contempt, and order a return of $3,000. The five named defendants are four state–court Family Support Magistrates[1] and one Superior

---

4. I express no opinion as to the appropriate amount of the fee.

1. *See* Conn. Gen.Stat. § 46b–231. *Family Support Magistrate's Act.* This statute provides for the appointment by the governor of nine Family Sup-

Court Judge of the State of Connecticut. In addition, the plaintiff included as defendants unnamed "Support Enforcement Division Officers of the Superior Court."

## II.

The sparse complaint asserts that the plaintiff filed a Chapter 7 petition on March 17, 1997; that he was incarcerated on May 9, 1997 by actions of the defendants in violation of the automatic stay and that he "was required to borrow $3,000 to buy his freedom on May 16, 1997." *Complaint,* ¶ 3. The Connecticut Attorney General, on July 16, 1997, filed an appearance on behalf of all defendants.

The defendants, on July 23, 1997, filed a motion to dismiss the adversary proceeding, pursuant to Fed.R.Civ.P. 12(b)(1)[2] (lack of jurisdiction over the subject matter) and (6) (failure to state a claim for which relief may be granted). The motion asserts that (1) the Eleventh Amendment bars this action[3], (2) the doctrine of judicial immunity protects the defendants from the payment of money damages and (3) the state–court proceedings involved the plaintiff's failure to make child–support payments and are excepted from the automatic stay provisions. The plaintiff objected to the motion to dismiss contending that "immunity is not available where an oath of office has been perjured" and that "contempt remedies should remain available" despite "Supreme Court sovereign immunity decisions." *Plaintiff's Memorandum,* at 5. The plaintiff includes in his citation of cases *Colon v. Hart (In re Colon),* 114 B.R. 890, 898 (Bankr.E.D.Pa.1990) *appeal dismissed,* 123 B.R. 719 (E.D.Pa.1991) *aff'd in part and appeal dismissed in part,* 941 F.2d 242 (3d Cir.1991) ("Eleventh Amendment immunity does not prevent award of compensatory damages in the context of civil contempt....

[V]iolations of the automatic stay may result in compensatory damages against state creditors, or state entities acting as agents on behalf of creditors.").

## III.

### *The Eleventh Amendment*

The plaintiff refers in the complaint to the defendants by their official titles. The plaintiff's Memorandum of Law states he seeks "a contempt remedy against the actions of the State of Connecticut and its officials." *Memorandum* at 6. The Memorandum further states that the events described in the complaint occurred during contempt proceedings in the state court. *Id.* at 1–2. There is no question, therefore, that the plaintiff brought this action against state officers in their official capacities.[4] The plaintiff's contention that "[o]nce the respondents [sic] purged [sic] [purjured? violated?] their oaths of office, they were no longer acting in their official capacities" and thus are being sued "in their individual capacities" is unpersuasive.

When state officials are sued in their official capacities, as opposed to in their personal capacities, Eleventh Amendment immunity may be asserted. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114, 122 (1985). Official–capacity suits against state officials are generally treated as suits against the governmental entity of which the officer is an agent. *Id.* The Eleventh Amendment bars suits in federal courts against states and state officers to recover money damages in the absence of waiver or consent. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–03, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67, 78–80 (1984).

---

port Magistrates to hear and determine child and spousal support matters.

**2.** Fed.R.Civ.P. 12 is made applicable to adversary proceedings by Fed. R. Bankr.P. 7012.

**3.** The Eleventh Amendment provides:
[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State.
The Supreme Court has consistently held that the Eleventh Amendment also protects states from suits by its own citizens.

**4.** *See* Note 1. Under the Family Support Magistrate's Act, family support magistrates and personnel and the family support magistrate division are judicial officers. Conn. Gen.Stat. § 46b–231(d).

■ The Bankruptcy Code in § 106(a)[5] purports to abrogate a state's Eleventh Amendment immunity with respect to numerous sections of the Bankruptcy Code. Recently this court in *Ossen v. State of Connecticut (In re Charter Oak Associates,* 203 B.R. 17) (Bankr.D.Conn.1996), *appeal docketed* No. 3:97 CV16AWT (D.Conn. Dec. 12, 1996), concluded, in line with the ruling in *Seminole Tribe of Florida v. Florida,* 517 U.S. 609, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), "that the Bankruptcy Clause in Article I does not authorize Congress to abrogate State sovereign immunity ... under 11 U.S.C. § 106(a)." *In re Charter Oak Assocs.,* 203 B.R. at 21. *See Schlossberg v. Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140 (4th Cir.1997) (same). *Cf. Close v. New York,* 125 F.3d 31, 38–40 (2d Cir.1997) ("[A]fter *Seminole,* Congress cannot abrogate the State's Eleventh Amendment sovereign immunity pursuant to any Article One power.... The Eleventh Amendment protects States from suits by its citizens in federal court."). Section 106(a) is unenforceable as abrogating Connecticut's Eleventh Amendment immunity.

■ The plaintiff's claim that suits in the federal bankruptcy court for willful violation of the automatic stay may be an exception to Eleventh Amendment immunity is not sustainable after *Seminole. See In re Martinez,* 196 B.R. 225 (D.Puerto Rico 1996) (holding that the Bankruptcy Court lacked subject matter jurisdiction under the Eleventh Amendment over debtor's claim against Commonwealth of Puerto Rico, treated as a state, for willful violation of the automatic stay, where the Commonwealth had not voluntarily waived its claim to sovereign immunity). *See also Arminio v. Commissioner of Motor Vehicles (In re Arminio),* 38 B.R. 472, 481 (Bankr.D.Conn.1984) (concluding that Eleventh Amendment bars retrospective compensation from State for violation of automatic stay). The court has considered Chief Justice Rehnquist's statements in *Seminole* that notwithstanding the Eleventh Amendment, "an individual can bring suit [in federal court] against a state officer in order to ensure that the officer's conduct is in compliance with federal law, *see, e.g., Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." *Seminole,* 517 U.S. at —— n. 14, 116 S.Ct. at 1131 n. 14; and "an individual may obtain injunctive relief under *Ex parte Young* in order to remedy a state officer's ongoing violation of federal law." *Id.* at —— n. 16, 116 S.Ct. at 1132 n. 16. As clarified in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), *Ex parte Young* permits a federal court to provide *prospective* relief only, and does not permit a suit, like the present one, which seeks a compensatory award to be met from the State's general revenues.

*In re Colon* equated a state's violation of the statutory automatic stay with a state's violation of a federal court order, which,

---

**5.** Section 106(a) provides:

*Waiver of sovereign immunity*

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

when willful, may be treated as civil contempt. *In re Colon,* 114 B.R. at 895–96. The court further reasoned that Eleventh Amendment immunity would not bar the award of compensatory damages under the court's civil contempt power, *Id.* at 896–98, a conclusion this court, in light of *Seminole,* cannot accept. Moreover, in none of the cases upon which the *Colon* court relied did the court award compensatory damages in a suit against a state actor. Rather, the court relied on cases in which plaintiffs were awarded attorneys' fees or costs associated with prospective compliance with a federal court injunction against state actors; or were awarded damages against federal, not state, agencies or private parties. No other courts have followed the *Colon* court in awarding compensatory damages for a state's violation of the automatic stay, where the state has raised its Eleventh Amendment immunity as a defense. *Colon,* accordingly, is of no help to the plaintiff.

### IV.

#### *CONCLUSION*

This court does not have subject matter jurisdiction, absent Connecticut's waiver or consent, to enter any money judgment against the defendants. This conclusion makes it inappropriate for the court to address any of the other defenses which the defendants raised. The defendants' motion pursuant to Fed.R.Civ.P. 12(b)(1) is granted, and a judgment shall enter dismissing the adversary proceeding. It is

SO ORDERED.