In re ABEPP ACQUISITION
CORPORATION, dba Abbott
& Company, Debtor.

Bruce Comly FRENCH, Trustee,
Plaintiff–Appellant,

v.

GEORGIA DEPARTMENT OF
REVENUE, Defendant–
Appellee.

BAP No. 97–8067.

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Submitted Oct. 29, 1997.

Decided Dec. 30, 1997.

Bruce Comly French, Lima, OH, for Appellant.

Shereen M. Walls, Office of Attorney General, Atlanta, GA, for Appellee.

Before: LUNDIN, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

PER CURIAM.

As part of the liquidation of the assets of ABEPP Acquisition Corporation ("the Debtor"), the Chapter 7 Trustee, Bruce Comly French ("the Trustee"), sold real property located in Georgia, and, under a statute applicable only to nonresidents of Georgia, was required to pay a 3% transfer tax upon completion of the sale. The Trustee filed an adversary proceeding in the bankruptcy court against the Georgia Department of Revenue ("the Department") asserting that the statute violated the Commerce Clause and seeking recovery of the amount of the tax. The Trustee later amended the complaint asserting that the bankruptcy court could exercise *in rem* jurisdiction and that the Department had waived any immunity and consented to the suit in bankruptcy court by filing a proof of claim for unrelated sales tax penalties. The Trustee subsequently filed a motion to join or substitute T. Jerry Jackson, the Commissioner of the Georgia Department of Revenue ("the Commissioner") as a party defendant. The bankruptcy court denied the motion to join or substitute and dismissed the adversary, holding Eleventh Amendment immunity barred the Trustee's claims from being heard in federal court. We affirm.

### I. ISSUES ON APPEAL

Although the determinative question in this appeal is whether the bankruptcy court correctly decided that Eleventh Amendment immunity bars the Trustee's suit against the Department, the Trustee's arguments are scattered along the sovereign immunity spectrum and present the following interrelated issues:

(1) Did the bankruptcy court err in rejecting the Trustee's *in rem* argument concerning Eleventh Amendment immunity?

(2) Did the bankruptcy court err in determining that the Department's proof of claim neither waived Eleventh Amendment immunity, nor constituted consent to litigation of the Trustee's requested relief?

(3) Did the bankruptcy court abuse its discretion in denying the Trustee's motion to join or substitute the Commissioner and seek declaratory and injunctive relief against him in his individual capacity?

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel of the Sixth Circuit. The dismissal of a cause of action is a final appealable order, over which the Panel has jurisdiction pursuant to 28 U.S.C. § 158(a) and (c). Dismissal here presents a question of law. Questions of law are reviewed de novo, *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (6th Cir. BAP 1997), which means that the reviewing court "determines the law in question independently of the trial court's determination." *National City Bank v. Plechaty (In re Plechaty)*, 213 B.R. 119, 121 (6th Cir. BAP 1997).

A trial court's denial of a motion to join or substitute a party is reviewed for abuse of discretion. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 154 (6th Cir.), *cert. denied*, 506 U.S. 867, 113 S.Ct. 194, 121 L.Ed.2d 137 (1992); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 197 (6th Cir.) (Batchelder, J., dissenting) (citing *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir.1986)), *cert. denied*, —— U.S. ——, 116 S.Ct. 379, 133 L.Ed.2d 302 (1995). An abuse of discretion occurs when the trial court " 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.' " *Fordu*, 209 B.R. at 858 (quoting *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480–481 (6th Cir.1996)). "To

find an abuse of discretion, the reviewing court 'must be firmly convinced that a mistake has been made.' " *Id.* (quoting *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir.1997)).

## III. FACTS

On January 11, 1996, the Debtor's original Chapter 11 case was converted to a Chapter 7 case and the Trustee was appointed. On February 12, 1996, the Department filed a general unsecured proof of claim for a $55.00 sales tax penalty attributable to the year 1995.

■ The assets in this bankruptcy included real estate located in the State of Georgia. In July of 1996, the Trustee sold this property for $112,000.00. When real property located in the State of Georgia is sold by a nonresident, GA.CODE ANN. § 48–7–128 [1] requires that a tax be paid to the Department at the time of the sale in the amount of 3% of the sale price. The tax does not apply to sales made by residents of Georgia. Pursuant to § 48–7–128, the Trustee paid $3,360.00 (3% × $112,000.00) to the Department.

On February 20, 1997, the Trustee filed an adversary proceeding against the Department, asserting § 48–7–128 violates the Commerce Clause of the United States Constitution and seeking recovery of the amount of the tax. The Trustee subsequently amended the complaint to assert that the bankruptcy court could exercise *in rem* jurisdiction over the Georgia property or could find that the Department had waived its sovereign immunity or consented to litigation of the Trustee's claim by filing a proof of claim in this bankruptcy. The Trustee later moved to join or substitute the Commissioner as a party defendant.

---

1. GA.CODE ANN. § 48–7–128—Withholding tax on sale or transfer of real property and associated tangible personal property by nonresidents—provides in pertinent part:

   Except as otherwise provided in this Code section, in the case of any sale or transfer of real property and related tangible personal property located in Georgia by a nonresident of Georgia, the buyer or transferee shall be required to withhold and remit to the commissioner on forms provided by the commissioner a withholding tax equal to 3 percent of the purchase

   price or consideration paid for the sale or transfer; provided, however, that if the amount required to be withheld pursuant to this subsection exceeds the net proceeds payable to the seller or transferor, the buyer or transferee shall withhold and pay over to the commissioner only the net proceeds otherwise payable to the seller or transferor. Any buyer or transferee who fails to withhold such amount shall be personally liable for the amount of such tax.

   GA.CODE ANN. § 48–7–128(b)(1).

The bankruptcy court denied the Trustee's motion to join or substitute the Commissioner as a party defendant, because the Trustee was not seeking prospective injunctive relief against a state official. *French v. Georgia Dep't of Revenue (In re ABEPP Acquisition Corp.)*, No. 95–32313, Adv. No. 97–3030, slip op. at 2 (Bankr.N.D.Ohio May 29, 1997). The bankruptcy court further held that, although a state's filing of a proof of claim waives the state's sovereign immunity with respect to claims by the debtor arising out of the same transaction which gave rise to the state's claim, such waiver is only effective as to those claims which would be compulsory counterclaims by the bankruptcy estate. *Id.* at 3–4. The bankruptcy court determined the Trustee's claims in the adversary proceeding did not arise from the same transaction as the Department's $55.00 sales tax penalty. *Id.* The bankruptcy court dismissed the adversary proceeding.

## IV.  DISCUSSION

The State of Georgia was a party to the original litigation which gave birth to the Eleventh Amendment and, in this appeal, its Department claims a measure of that birthright:

> The last time the Supreme Court assumed original jurisdiction over a suit brought by a private citizen against a neighboring State, *Chisholm v. Georgia*, 2 Dall. 419, 1 L.Ed. 440 (1793), the resulting "shock of surprise" led to the rapid proposal and adoption of the Eleventh Amendment. *See Monaco v. Mississippi*, 292 U.S. 313, 325, 54 S.Ct. 745, 749, 78 L.Ed. 1282 (1934). That federalist outcry lingers throughout sovereign immunity jurisprudence....

*Johnsen v. Collins*, 875 F.Supp. 1571, 1575 (S.D.Ga.1994).

One facet of sovereign immunity is reflected in the Eleventh Amendment, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although sovereign im-

munity has been described as "nothing but a judge-made rule that is sometimes favored and sometimes disfavored," *United States v. Nordic Village, Inc.*, 503 U.S. 30, 42, 112 S.Ct. 1011, 1019, 117 L.Ed.2d 181 (1992) (Stevens, J., dissenting) (footnotes omitted), the Supreme court has most recently favored it. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Idaho v. Coeur d'Alene Tribe of Idaho*, —— U.S. ——, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). Circuit courts have applied these Supreme Court decisions in bankruptcy cases. *See, e.g., Department of Transp. v. PNL Asset Management Co. LLC (In re Estate of Fernandez )*, 123 F.3d 241 (5th Cir.), *amended on denial of reh'g*, 130 F.3d 1138 (5th Cir.1997) ("We hold that Section 106(a) of the Bankruptcy Code is unconstitutional. Congress cannot locate the authority claimed here to abrogate sovereign immunity in either the Bankruptcy Clause or in Section 5 of the Fourteenth Amendment."); *Schlossberg v. Maryland (In re Creative Goldsmiths of Washington D.C., Inc.)*, 119 F.3d 1140 (4th Cir.1997). It is against this background that we consider the Trustee's arguments on appeal.

**1.  Did the bankruptcy court err in rejecting the Trustee's in rem argument concerning Eleventh Amendment immunity?**

■ The parties' filings in the bankruptcy court raised the issue of the constitutionality of 11 U.S.C. § 106. Pursuant to 28 U.S.C. § 2403, the United States was served; however, it failed to appear. The bankruptcy court did not decide whether the broad abrogation of sovereign immunity in § 106(a) applied or, if it did, whether § 106(a) was constitutional. *See Seminole*, 517 U.S. 44, 116 S.Ct. 1114; *Coeur d'Alene Tribe*, —— U.S. ——, 117 S.Ct. 2028, 138 L.Ed.2d 438; *Fernandez*, 123 F.3d 241; *Creative Goldsmiths*, 119 F.3d 1140. In this appeal, the Trustee neither concedes the unconstitutionality of § 106(a), nor urges its application.

Rather, recognizing the barrier presented by Eleventh Amendment immunity, the Trustee asserts that the bankruptcy court could burrow past it by exercising *in rem*

jurisdiction. The Trustee argues that his complaint was not against the Department, but was merely an action to recover a *res* consisting of the 3% tax. The Trustee has not alleged that the 3% tax remained an identifiable *res*. More importantly, the Supreme Court has noted:

> Equally unpersuasive is respondent's related argument that a bankruptcy court's *in rem* jurisdiction overrides sovereign immunity.... In any event, we have never applied an *in rem* exception to the sovereign-immunity bar against monetary recovery, and have suggested no such exception exists.

*Nordic Village*, 503 U.S. at 38, 112 S.Ct. at 1017 (citations omitted).

> More recently, the Supreme Court stated: The Eleventh Amendment does not exist solely in order to "preven[t] federal court judgments that must be paid out of a State's Treasury," *Hess v. Port Authority Trans–Hudson Corporation*, 513 U.S. 30, 48, 115 S.Ct. 394, 404, 130 L.Ed.2d 245 (1994); it also serves to avoid "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties," *Puerto Rico Aqueduct and Sewer Authority [v. Metcalf & Eddy, Inc.]*, 506 U.S., [139] at 146, 113 S.Ct., [684] at 689 [121 L.Ed.2d 605 (1993)] (internal quotation marks omitted).

*Seminole*, 517 U.S. at ——, 116 S.Ct. at 1124.

The bankruptcy court was correct in rejecting the Trustee's *in rem* argument concerning Eleventh Amendment immunity.

**2. Did the bankruptcy court err in determining that the Department's proof of claim neither waived Eleventh Amendment immunity nor constituted consent to litigation of the Trustee's requested relief?**

The Trustee further argues that any Eleventh Amendment immunity was waived by the Department's filing of a proof of claim, which also constituted the Department's consent to litigation of the Trustee's complaint. As the Supreme Court recently noted, a state may waive its Eleventh Amendment immunity and consent to litigation in federal court:

The grant of federal judicial power is cast in terms of its reach or extent. Article III, § 2 of the Constitution provides the "judicial Power shall extend" to the cases it enumerates, including "all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States." The Eleventh Amendment, too, employs the term "extend." It provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

This point of commonality could suggest that the Eleventh Amendment, like the grant of Article III, § 2, jurisdiction, is cast in terms of reach or competence, so the federal courts are altogether disqualified from hearing certain suits brought against a State. This interpretation, however, has been neither our tradition nor the accepted construction of the Amendment's text. Rather, a State can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. The Amendment, in other words, enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject-matter jurisdiction.

*Coeur d'Alene Tribe*, —— U.S. at ——, 117 S.Ct. at 2033.

■ Finding such waiver and consent is not favored in federal courts, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238–39, 105 S.Ct. 3142, 3145–46, 87 L.Ed.2d 171 (1985); however, it can be found where a state has enacted legislation demonstrating waiver and consent to suit in federal court. *Id.* at 241, 105 S.Ct. at 3146–47. The Trustee failed to identify any legislation enacted by the State of Georgia under which a waiver could be found. To the contrary, the Georgia Constitution provides:

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can

only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

GA. CONST. art. I, § 2, ¶ IX(e). *See Kelleher v. Georgia*, 187 Ga.App. 64, 369 S.E.2d 341 (1988); *Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637 (11th Cir.), *cert denied*, 506 U.S. 1022, 113 S.Ct. 660, 121 L.Ed.2d 586 (1992).

Although the Trustee failed to demonstrate statutory waiver, he also argues that consent to litigation of his claim in the bankruptcy court can be premised on 11 U.S.C. § 106(b), which provides:

A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

The bankruptcy court recognized, but did not decide, the issue of whether the waiver of Eleventh Amendment immunity in § 106(b) is constitutional. We agree that it is not necessary to reach the question of whether § 106(b) is a constitutional expression of Congress's power to waive Eleventh Amendment immunity, *see Creative Goldsmiths*, 119 F.3d at 1147, because the proof of claim filed by the Department does not fall within the ambit of the waiver enacted in § 106(b). The $55.00 sales tax penalty did not arise out of the same transaction or occurrence as the 3% tax on the sale of property.

The Trustee's "waiver" argument might be interpreted to transcend the explicit language of § 106(b). As explained by the circuit court in *Creative Goldsmiths*:

The Eleventh Amendment, which applies only to suits "commenced or prosecuted against one of the United States," presents no bar to a state affirmatively entering a federal forum voluntarily to pursue its own interest. But it would violate the funda-

mental fairness of judicial process to allow a state to proceed in federal court and at the same time strip the defendant of valid defenses because they might be construed to be affirmative claims against the state. When a state authorizes its officials voluntarily to invoke federal process in a federal forum, the state thereby consents to the federal forum's rules of procedure and may not invoke sovereign immunity to protect itself against the interposition of defenses to its action. The scope of these available defenses and the state's concomitant waiver of immunity is a question of federal law and procedure, but well-established principles of sovereign immunity dictate that this waiver be narrowly construed. *See, e.g., Atascadero*, 473 U.S. at 239–40, 105 S.Ct. at 3146. For this reason, we hold that to the extent a defendant's assertions in a state-instituted federal action, including those made with regard to a state-filed proof of claim in a bankruptcy action, amount to a compulsory counterclaim, a state has waived any Eleventh Amendment immunity against that counterclaim in order to avail itself of the federal forum.

*Creative Goldsmiths*, 119 F.3d at 1148.

The Sixth Circuit imposes a logical relationship test to determine whether a claim arises out of the same transaction or occurrence so that it may be considered a compulsory counterclaim (FED. R. BANKR.P.7013). "Under this test, we determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders v. First Nat'l Bank & Trust Co.*, 936 F.2d 273, 277 (6th Cir.1991). The Trustee failed to carry his burden of establishing that the issues of law and fact raised by his claim to recover the tax paid in connection with the real estate sale in 1996 are largely the same and would involve substantially the same evidence as the Department's proof of claim for the 1995 sales tax penalty.

The bankruptcy court's determination that the Department's proof of claim [2] neither

---

2. The bankruptcy court noted that the Department attempted to withdraw its claim, but did not follow the procedure of FED. R. BANKR P.

3006. Because the Trustee's claims do not meet the requirements for compulsory counterclaims to the Department's proof of claim, it is unneces-

waived Eleventh Amendment immunity nor constituted consent to litigation of the Trustee's requested relief is affirmed.

### 3. Did the bankruptcy court abuse its discretion in denying the Trustee's motion to join or substitute the Commissioner and seek declaratory and injunctive relief against him in his individual capacity?

The Trustee's final argument asserts that, even if Eleventh Amendment immunity would prevent the Department from being subject to suit in federal court, the Trustee's motion to join or substitute the Commissioner, in his individual capacity, and the Trustee's request for declaratory and injunctive relief provide a basis for the bankruptcy court to grant the Trustee's motion and exercise jurisdiction in connection with the amended complaint under the principles of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Trustee argues that he simply seeks a judicial declaration from a federal court that a state official has violated federal law by unconstitutionally obtaining funds from a federal bankruptcy trustee, that such violation and retention continues, and that, as an ancillary matter, the funds should be returned to the Trustee.

During its last term, the Supreme court stated:

> To interpret *Young* to permit a federal court-action to proceed in every case where prospective declaratory and injunctive relief is sought against an officer, named in his individual capacity, would be to adhere to an empty formalism and to undermine the principle, reaffirmed just last Term in *Seminole Tribe,* that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction. The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading. Application of the *Young* exception must reflect a proper understanding of its role in our federal system and respect for state courts instead of a reflexive reliance on an obvious fiction.

*Coeur d'Alene Tribe,* —— U.S. at ——, 117 S.Ct. at 2034 (citation omitted).

■■■ The undisputed facts demonstrate the Department's actions for which the Trustee seeks a declaratory injunction and prospective relief were concluded approximately eight months prior to the Trustee's commencement of this litigation. There were not, and are not, any pending or proposed actions by the Department for which the Trustee could be granted a declaratory judgment or prospective relief. The principles of *Ex parte Young* are inapplicable to suits which are essentially to recover money from a state. The Supreme Court has stated:

> The course of our case law indicates the wisdom and necessity of considering, when determining the applicability of the Eleventh Amendment, the real affront to the State of allowing a suit to proceed. As we explained in *Ford Motor Co. v. Department of Treasury of Ind.,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945): "[T]he nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding." *Id.,* at 464, 65 S.Ct., at 350. We held that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ibid.*

*Coeur d'Alene Tribe,* —— U.S. at ——, 117 S.Ct. at 2038. *Accord Mills v. Maine,* 118 F.3d 37, 52–55 (1st Cir.1997) (discussing sovereign immunity as a bar to granting retroactive money damages, particularly where there is no continuing violation which would justify injunctive relief, and denying an "eleventh hour motion" which would "end run" Eleventh Amendment jurisprudence).

To the extent the Trustee's suit is not properly characterized as essentially one for the recovery of money, the Trustee failed to demonstrate any other basis for the applicability of *Ex parte Young.* "Courts have not read *Young* expansively." *Children's Healthcare Is A Legal Duty, Inc. v. Deters,*

---

sary to decide whether the Department's claimed

withdrawal was valid or effective.

92 F.3d 1412, 1415 (6th Cir.1996), *cert. denied,* ——— U.S. ———, 117 S.Ct. 1082, 137 L.Ed.2d 217 (1997).

The Trustee is able to pursue his claims on behalf of the estate, since a state forum is available to vindicate federal interests and can constitute an adequate forum for the resolution of issues of federal law. The Supreme Court declared:

> Neither in theory nor in practice has it been shown problematic to have federal claims resolved in state courts where Eleventh Amendment immunity would be applicable in federal court but for an exception based on *Young.* For purposes of the Supremacy Clause, it is simply irrelevant whether the claim is brought in state or federal court. Federal courts, after all, did not have general federal-question jurisdiction until 1875. Assuming the availability of a state forum with the authority and procedures adequate for the effective vindication of federal law, due process concerns would not be implicated by having state tribunals resolve federal-question cases.

*Coeur d'Alene Tribe,* ——— U.S. at ———, 117 S.Ct. at 2037.

The Trustee can present a constitutional challenge concerning the tax he seeks to recover in the Georgia court system, which has previously entertained such challenges. *See, e.g., James B. Beam Distilling Co. v. Georgia,* 259 Ga. 363, 382 S.E.2d 95 (1989) (determining that a Georgia excise tax was an unconstitutional violation of the Commerce Clause), *rev'd on other grounds,* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

The bankruptcy court did not abuse its discretion in denying the Trustee's motion to join or substitute the Commissioner and seek declaratory and injunctive relief against him in his individual capacity.

## V. CONCLUSION

The decision of the bankruptcy court dismissing the Trustee's amended complaint and denying the Trustee's motion to join or substitute a party is **AFFIRMED.**