**In re Darrin KIDD.**

**Darrin KIDD, Plaintiff,**

v.

**DRIVER CONTROL SECTION DEPARTMENT OF FINANCE AND ADMINISTRATION and It's Manager, Mike Munns, Defendants.**

Bankruptcy No. 97–51379 S.
Adversary No. 98–5019.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 27, 1998.

**162**

Jack Dickerson, Hot Springs, AR, for Plaintiff.

David Kaufman, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

MARY DAVIES SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the defendants' Motion to Dismiss filed on April 17, 1998, to which the plaintiff responded on April 28, 1998. The debtor's complaint alleges that the defendants suspended his driving privileges for failure to pay fines to the Pine Bluff Police Department and the Texas Department of Public Safety in violation of 11 U.S.C. §§ 524, 525. The defendants move to dismiss on the grounds that, as an instrumentality of the State of Arkansas, they have not waived sovereign immunity and, thus, this action may not be maintained in a federal court. The defendants raise no issue as to the merits of the complaint, and the Court has no opinion as to whether the plaintiff is entitled to the relief requested. The sole issue before the Court is one of sovereign immunity where the defendants have not filed a proof of claim in the case.

Since the Supreme Court decision in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Courts have consistently applied *Seminole* to preclude suits in the bankruptcy context against state agencies which have not waived sovereign immunity in the bankruptcy case. *See, e.g., Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania, (In re Sacred Heart Hospital of Norristown ),* 133 F.3d 237 (3d Cir.1998); *Schlossberg v. State of Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140 (4th Cir.1997); *French v. Georgia Dep't of Revenue (In re ABEPP Acquisition Corp.),* 215 B.R. 513 (6th Cir. BAP 1997); *Kish v. Verniero (In re Kish ),* 221 B.R. 118 (Bankr.D.N.J.1998); *In re Schmitt,* 220 B.R. 68 (Bankr.W.D.Mo.1998); *Koehler v. Iowa College Student Aid Comm'n (In re Koehler ),* 204 B.R. 210 (Bankr.D.Minn.1997). These authorities are lengthy, well-reasoned, and sufficiently consistent that their analysis need not be repeated here. It is sufficient to state that, taking the allegations of the complaint as true, that this adversary proceeding constitutes a suit against an agency of the State of Arkansas. Since the state does not consent to suit in court, the complaint must be dismissed as to the agency Driver Control Section, Department of Finance and Administration.

■ The Eleventh Amendment precludes, absent a waiver of sovereign immunity either by the United States Congress pursuant to a valid power or by the state itself, suit against the state instrumentality in the federal court. The Eleventh Amendment is not, however, a talisman providing state agencies with the authority or right to ignore federal law. The state and its agencies are bound by federal law, just as any other creditor. The state must respect and comply with the Bankruptcy Code, including provisions regarding the automatic stay, 11 U.S.C. § 362, the discharge injunction, 11 U.S.C. § 524, and prohibitions against discriminatory treatment, 11 U.S.C. § 525. Thus, although a suit may not be maintained in the federal bankruptcy court against the state to enforce the Bankruptcy Code, the state is obligated to comply with the provisions of the Code. In order to uphold Congressional intent and provisions of federal law, the courts have utilized the doctrine espoused in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), permitting suits against the

state officials to obtain injunctive relief. *See Seminole,* 517 U.S. at 71 n. 14, 116 S.Ct. 1114 ("[A]n individual can bring suit against a state officer in order to ensure that the officer's conduct is in compliance with federal law, see, e.g., Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)").

The *Young* doctrine applies narrowly in cases in which there is an ongoing violation of federal law and where the statute in question does not establish a detailed remedial scheme for enforcement against a state of a statutorily created right. The complaint alleges that the defendants require payment of a debt before it will restore the debtor's driver's license, in violation of federal bankruptcy law. The debtor seeks an order requiring the defendants to return his license and prevent enforcement of the license suspension against him. Plaintiff thus seeks prospective injunctive relief to prevent an alleged continuing violation of federal law, circumstances permitting application of the *Young* doctrine. *See In re Kish,* 221 B.R. 118 (Bankr.D.N.J.1998); *In re Schmitt,* 220 B.R. 68 (Bankr.W.D.Mo.1998). Accordingly, the suit against the individual officer Mike Munns, in his capacity as the Manager of the Driver Control Section of the Arkansas Department of Finance and Administration may proceed. Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss filed on April 17, 1998, is Granted as to the defendant Driver Control Section Department of Finance & Administration and Denied as to the defendant Mike Munns. The defendant Mike Munns shall file and serve his answer to the complaint within ten (10) days of entry of this Order.

**IT IS SO ORDERED.**