In re Jon E. PETERSON, Debtor.

Jon E. Peterson, Plaintiff,

v.

State of Florida, Department of Revenue, Office of Child Support Enforcement, Defendant.

Bankruptcy No. 99 B 21174.
Adversary No. 00 A 00501.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 6, 2000.

Erik A. Martin & Associates, Chicago, IL, for plaintiff.

Frederick F. Rudzik, Assistant General Counsel, Florida Department of Revenue, Tallahassee, FL, for defendant.

Elaine Jensen, Chicago, IL, Chapter 13 Trustee.

James D. Newbold, Illinois Department of Revenue, Chicago, IL.

## MEMORANDUM OPINION AND ORDER

CAROL A. DOYLE, Bankruptcy Judge.

Debtor/Plaintiff Jon Peterson ("Debtor") filed an adversary complaint against the Office of Child Support Enforcement of the Florida Department of Revenue ("Department"). He seeks: (1) turnover of a tax refund payment which the Department withheld postpetition and applied towards the Debtor's prepetition debt for child support; (2) interest and attorney fees; and (3) punitive damages. The Department has moved to dismiss Debtor's complaint under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, asserting eleventh amendment sovereign immunity as a defense. The Department argues that it has not expressly waived its sovereign immunity, nor has it subjected itself to this court's jurisdiction by actively participating in the Debtor's bankruptcy case. Debtor replies that either the abrogation of states' sovereign immunity in 11 U.S.C. § 106(a), or the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies to allow him to proceed with his cause of action. As discussed more fully below, the court holds that the Debtor's suit is barred by the eleventh amendment because the

waiver of sovereign immunity in 11 U.S.C. § 106(a) is unconstitutional and the doctrine of *Ex Parte Young* does not apply in this case.

### 1. Dismissal Standard

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)(6) applicable to adversary proceedings. Fed. R. Bankr.P. 7012(b); *see Bell Auto Leasing, Inc. v. Farbman (In re Farbman)*, 244 B.R. 135, 139 (Bankr. N.D.Ill.2000) (Schmetterer, J.). Under Rule 12(b)(6), "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 72, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir.1997). The court "must accept as true all the factual allegations in the complaint," *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993), and must construe the pleadings in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir.1995); *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 420 (7th Cir.1994).

### 2. Sovereign Immunity and Section 106(a) of the Bankruptcy Code

■ The Department asserts that the sovereign immunity clause of the eleventh amendment bars this suit against it. The eleventh amendment restricts federal jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the amendment only expressly proscribes suits against states by citizens of other states, the immunity has long been extended to suits brought against a state by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). Thus, the amendment applies to federal suits brought by all persons against unconsenting states. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996).

■ By its terms, the eleventh amendment only provides immunity in "suit[s] in law or equity." U.S. Const. amend. XI. The general test for determining whether an action rises to the level of a "suit" for purposes of the eleventh amendment "is that a suit is against the sovereign if 'the judgment would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 n. 11, 104 S.Ct. 900, 908 n. 11, 79 L.Ed.2d 67 (1984) (quoting *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)).

■ Despite the general bar to suits against states, eleventh amendment immunity is not absolute. There are two well-established exceptions to this immunity. First, a state can waive sovereign immunity and consent to suit in federal court. Second, Congress can unequivocally express its intent to abrogate state immunity by acting pursuant to a valid exercise of its power. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985); *see also Seminole Tribe*, 517 U.S. at 55, 116 S.Ct. at 1123 (clarifying two-part test required to abrogate Eleventh Amendment immunity).

■ Under the first exception, the test for determining whether a state has waived its immunity from federal-court jurisdiction is a stringent one. *College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–77, 119 S.Ct. 2219, 2226, 144 L.Ed.2d 605 (1999) (quoting *Scanlon*, 473 U.S. at

241, 105 S.Ct. at 3146). A state may waive its sovereign immunity, for example, by enacting legislation by which it consents to be sued in federal court, *see, e.g., Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 307–09, 110 S.Ct. 1868, 1873–74, 109 L.Ed.2d 264 (1990), or by participating in litigation in federal court, *see, e.g., Clark v. Barnard*, 108 U.S. 436, 447–48, 2 S.Ct. 878, 882–84, 27 L.Ed. 780 (1883) (Rhode Island deemed to have waived eleventh amendment immunity by intervening in a case as a claimant of a fund). In the bankruptcy context, a state might waive its sovereign immunity by filing a proof of claim in a debtor's bankruptcy case, *see Gardner v. New Jersey*, 329 U.S. 565, 573–74, 67 S.Ct. 467, 472, 91 L.Ed. 504 (1947); *State of Ga. Dep't of Revenue v. Burke* (*In re Burke*), 146 F.3d 1313, 1317 (11th Cir. 1998), or by initiating an adversary proceeding, *see Dekalb County Div. of Family & Child Servs. v. Platter* (*In re Platter*), 140 F.3d 676, 680 (7th Cir.1998).

■ Under the second exception, Congress can abrogate states' sovereign immunity if two requirements are met: (1) Congress must unequivocally express an intent to abrogate state immunity; and (2) it must act "pursuant to a valid exercise of power." *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985) (citing *Halderman*, 465 U.S. at 98, 104 S.Ct. at 906).

■ In this case, the parties do not dispute that the Department may invoke eleventh amendment immunity; it is unquestionably an arm of the state for purposes of the amendment. In addition, the debtor's action amounts to a "suit" for purposes of the eleventh amendment—the debtor initiated an adversary proceeding seeking turnover of funds and damages from the Department. Finally, waiver has not been raised, nor is it an issue here. The Department has not expressly waived its sovereign immunity and consented to this court's jurisdiction, nor has it filed either a proof of claim or an adversary proceeding in this case. Therefore, the disposition of this matter turns on a single issue: whether § 106(a) of the Bankruptcy Code validly abrogates the states' sovereign immunity.

■ As noted above, to prevail on this issue, the debtor must show that (1) Congress unequivocally expressed its intent to abrogate sovereign immunity, and (2) Congress acted pursuant to a valid exercise of its power. The plain language of § 106(a) unequivocally waives the states' sovereign immunity. It provides in part that, "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section" with respect to a long list of sections of the Bankruptcy Code. 11 U.S.C. § 106(a).[1]

---

1. Section 106(a) provides in part as follows: Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
   (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
   (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
   (3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.
   11 U.S.C. § 106(a)(1)–(3).

Despite this clear statement of Congressional intent, the debtor cannot meet the second requirement that Congress acted pursuant to a valid exercise of its power. In *Seminole Tribe of Fla. v. Florida, supra,* the Supreme Court held that Congress may not abrogate state sovereign immunity by legislation passed pursuant to its Article I powers. *See* 517 U.S. at 72–73, 116 S.Ct. at 1131–32; *see also Florida Prepaid,* 527 U.S. at 635–37, 119 S.Ct. at 2205 ("*Seminole Tribe* makes clear that Congress may not abrogate state sovereign immunity pursuant to its Article I powers...."). The Bankruptcy Clause is in Article I of the constitution. U.S. Const. art. I, § 8, cl. 4.[2] With respect to Congress' bankruptcy power in particular, the *Seminole Tribe* Court noted that "it has not been widely thought that the federal antitrust, bankruptcy, or copyright statutes abrogated the States' sovereign immunity. This Court never has awarded relief against a State under any of those statutory schemes." 517 U.S. at 72–73 n. 16, 116 S.Ct. at 1131–32 n. 16.

Instead, the *Seminole Tribe* Court reaffirmed its holding in *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), that only section 5 of the fourteenth amendment empowers Congress to abrogate sovereign immunity. *See* 517 U.S. at 59–73, 116 S.Ct. at 1125–32. Congress may only pass "appropriate" legislation under section 5, that is, enforcing fourteenth amendment rights, while exercising power in a "remedial" manner. *Florida Prepaid,* 527 U.S. at 637–38, 119 S.Ct. at 2206; *see also City of Boerne v. Flores,* 521 U.S. 507, 527, 117 S.Ct. 2157, 2167, 138 L.Ed.2d 624 (1997) ("Any suggestion that Congress has a substantive non-remedial power under the Fourteenth Amendment is not supported by our case law.").

Applying these principles, the court in *Department of Transportation and Development v. PNL Asset Management Co. (In re Fernandez),* 123 F.3d 241 (5th Cir.), *amended by* 130 F.3d 1138 (5th Cir.1997), held that Congress' waiver of states' sovereign immunity in § 106(a) of the Bankruptcy Code violates the eleventh amendment. The court reasoned as follows:

There is no evidence that the 1994 Act was passed pursuant to the Fourteenth Amendment or any constitutional provision other than the bankruptcy power of Article I, § 8, cl. 4. *See Seminole Tribe,* 517 U.S. at 59, 116 S.Ct. at 1125 (noting that the Indian Gaming Regulatory Act was not passed pursuant to Congress' power under either the Fourteenth Amendment or the Interstate Commerce Clause; rather it was passed pursuant to the Indian Commerce Clause) (footnote omitted). Equally, there is no indication that Congress passed the 1994 Act to remedy any incipient breaches or even some unarticulated, general violation of the rights specified in § 1 of the Fourteenth Amendment. *See In re Tri-City Turf Club, Inc.,* 203 B.R. at 620 ("The court can find no hint that Congress had in its collective mind Fourteenth Amendment concerns when it enacted Section 106(a) of the Bankruptcy Code.").

*Id.* at 245.

The *Fernandez* court found Congress' enactment of § 106(a) to be unconstitutional, as has every other Circuit Court of Appeals, and nearly every other court addressing the issue. *See id.* at 246; *Mitchell v. Franchise Tax Bd. (In re Mitchell),* 209 F.3d 1111, 1121 (9th Cir.2000); *Sacred Heart Hosp. v. Pennsylvania (In re Sacred Heart Hosp.),* 133 F.3d 237, 245 (3d Cir.1998); *Schlossberg v. Maryland (In re Creative Goldsmiths of Wash., D.C., Inc.),* 119 F.3d 1140, 1147 (4th Cir.1997), *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998); *United States Dep't of Educ. v. Rose (In re Rose),* 227 B.R. 518, 523 (W.D.Mo.1998); *Kish v. Verniero (In*

---

**2.** The Bankruptcy Clause empowers Congress to "establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8, cl. 4.

re Kish), 212 B.R. 808, 817 (D.N.J.1997); In re Martinez, 196 B.R. 225, 228 (D.P.R. 1996); Elias v. United States (In re Elias), 218 B.R. 80, 86 (9th Cir. BAP 1998); Seay v. Tennessee Student Assistance Corp. (In re Seay), 244 B.R. 112, 116 (Bankr. E.D.Tenn.2000); Pitts v. Ohio Dep't of Taxation (In re Pitts), 241 B.R. 862, 876 (Bankr.N.D.Ohio 1999); DeAngelis v. Laskey (In re DeAngelis), 239 B.R. 426, 431 (Bankr.D.Mass.1999); Harris v. Barall (In re Harris), 213 B.R. 796, 798 (Bankr. D.Conn.1997); Mueller v. Idaho (In re Mueller), 211 B.R. 737, 743 (Bankr. D.Mont.1997); Koehler v. Iowa College Student Aid Comm'n (In re Koehler), 204 B.R. 210, 215 (Bankr.D.Minn.1997); In re Lush Lawns, Inc., 203 B.R. 418, 420–21 (Bankr.N.D.Ohio 1996); Ossen v. Connecticut Dep't of Soc. Servs. (In re Charter Oak Assocs.), 203 B.R. 17, 21 (Bankr. D.Conn.1996); Sparkman v. Department of Revenue (In re York–Hannover Devs., Inc.), 201 B.R. 137, 141 (Bankr.E.D.N.C. 1996); Ellenberg v. Board of Regents of Univ. Sys. of Ga. (In re Midland Mechanical Contractors, Inc.), 200 B.R. 453, 457 (Bankr.N.D.Ga.1996); see also Ohio Agric. Commodity Depositors Fund v. Mahern, 517 U.S. 1130, 116 S.Ct. 1411, 134 L.Ed.2d 537 (1996) (vacating and remanding In re Merchants Grain, 59 F.3d 630 (7th Cir. 1995), which held that Congress had authority under the Bankruptcy Clause to abrogate Eleventh Amendment immunity under § 106, for further consideration in light of Seminole Tribe ).

Applying the principles of Seminole Tribe and consistent with the decisions cited above, the court concludes that § 106(a) violates the eleventh amendment and cannot provide a basis for waiving states' sovereign immunity in bankruptcy proceedings. Therefore, the Department is immune from the debtor's suit for turnover and damages. However, the court's inquiry is not ended, because the debtor raised the Young doctrine as an alternative basis for relief.

### 3. Applicability of the Young Doctrine

Under what is known as the Young doctrine, a party may sue a state officer to enjoin official actions that violate federal law, even if the state itself is immune from suit under the eleventh amendment. Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 287–89, 117 S.Ct. 2028, 2043, 138 L.Ed.2d 438 (1997) (O'Connor, J., concurring opinion) The Young doctrine is based on the notion that a state cannot authorize a state official to violate the constitution and laws of the United States. Therefore, an action by a state official that violates federal law is not considered an action of the state, and is not shielded from suit by the eleventh amendment. See Pennhurst State School, & Hosp. v. Halderman, 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984); Pitts v. Ohio Department of Taxation (In re Pitts), 241 B.R. 862 (Bankr.N.D.Ohio 1999).

A party invoking the Young doctrine must satisfy two elements: (1) it must allege that a state official is acting in violation of federal law, see Halderman, 465 U.S. at 106, 104 S.Ct. at 911; and (2) it must request prospective relief, that is, it must seek to bar future violations of federal law instead of monetary or other retrospective relief for past violations. See MCI Telecomms. Corp. v. Illinois Bell Tel. Co., 222 F.3d 323, 337 (7th Cir.2000); see, e.g., Coeur d'Alene Tribe, 521 U.S. at 276–77, 117 S.Ct. at 2038; Ex Parte Young, 209 U.S. 123, 159–60, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908); see Walker v. Snyder, 213 F.3d 344, 347 (7th Cir.2000); Neary v. Pennsylvania Dep't of Revenue (In re Neary), 220 B.R. 864, 869 (Bankr.E.D.Pa. 1998); see also Coeur d'Alene Tribe, 521 U.S. at 277, 117 S.Ct. at 2038 ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."); French v. Georgia Dep't of Revenue (In re ABEPP Acquisition Corp.), 215 B.R. 513, 519 (6th Cir. BAP

1997) ("The principles of *Ex parte Young* are inapplicable to suits which are essentially to recover money from a state.").

The *Young* doctrine is inapplicable here for two reasons. First, the debtor's complaint is against the Department, and not one of its officers. Second, the debtor is not seeking to bar a future violation of federal law, but rather is seeking monetary damages for an alleged single, past violation by the Department. Even taking as true all the allegations of the debtor and making all inferences in his favor, he cannot rely on the *Young* doctrine, and is therefore barred by the eleventh amendment from bringing suit against the Department.

### CONCLUSION

The Florida Department of Revenue's motion to dismiss is hereby GRANTED.

**SO ORDERED.**